**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN FAUTENBERRY, | : | |
| Petitioner. | : | DEATH PENALTY CASE |
| vs. | : | Case No.:   C1-00-332 |
| BETTY MITCHELL, WARDEN, | : | JUDGE:   GRAHAM |
| Respondent. | : | MAGISTRATE JUDGE:   KEMP |
| ..   ..   ..   ..   ..   .. | : | |

**PETITIONER JOHN FAUTENBERRY'S REPLY IN SUPPORT OF
HIS MOTION FOR A CERTIFICATE OF APPEALABILITY**

Dennis L. Sipe, #0006199
BUELL & SIPE CO., L.P.A.
322 Third Street
Marietta, OH 45750
(740) 373-3219 (Phone)
(740) 373-2892 (Fax)

W. Joseph Edwards
495 South High Street
Suite 100
Columbus, OH 43215

Counsel for Petitioner,
 John Fautenberry

Jim Petro
Attorney General

Gregory A. Perry, #0065251
Senior Assistant Attorney General
Capital Crimes Section
30 East Broad Street, 23rd Floor
Columbus, OH 43215
(614) 728-7055 (Phone)

  Counsel for Warden Mitchell

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN FAUTENBERRY, | : | |
| Petitioner. | : | DEATH PENALTY CASE |
| vs. | : | Case No.:   C1-00-332 |
| BETTY MITCHELL, WARDEN, | : | JUDGE:      GRAHAM |
| Respondent. | : | MAGISTRATE JUDGE:   KEMP |
| ..   ..   ..   ..   ..   .. | : | |

### PETITIONER JOHN FAUTENBERRY'S REPLY IN SUPPORT OF HIS MOTION FOR A CERTIFICATE OF APPEALABILITY

On June 10, 2005, Petitioner John Fautenberry requested that this Court issue a Certificate of Appealability on nine of the grounds for relief contained in his Amended Habeas Petition. [Doc. 109].

On June 29, 2005, the Warden filed her Memorandum Contra. [Doc. 110]. The Warden did not contest any of the arguments that John Fautenberry raised in his Motion. [Id.]. Instead, she copied a portion of the findings made by the Ohio Supreme Court on direct appeal. [Id. at p. 3]; provided a general review of the standard that applies when determining the issue of a certificate of appealability [Id. at pp. 3-5]; and then perfunctorily requested that this Court deny John

-1-

Fautenberry's Motion. [Id. at pp. 5-6]. Given the Warden's failure to provide any argument that is specific to the pending Motion and therefore this pleading will be limited.

Prior to addressing the Warden's general observations, John Fautenberry provides this Court with two additional authorities. The United States recently granted sentencing phase relief. *Rompilla vs. Beard*, 125 S.Ct. 2456 (2005). In that case, the Court found that trial counsel performed unreasonable when they failed to review a single file. Id. at 2462-2464. Counsel therein conducted a much extensive investigation than counsel conducted in the present case. *See* Twelfth Ground for Relief. The United States Supreme Court also granted habeas relief because the prosecution had discriminated against African-Americans in jury selection. *Miller-El vs. Dretke*, 125 S.Ct. 2317 (2005). A similar situation exists in the present case. The Hamilton County court official had an extensive history of precluding African-Americans serving as the grand jury foreperson. *See* Fourteenth and Fifteenth Grounds for Relief, Section 1.

Returning to the Warden's general assertions, her reliance upon the direct appeal findings of the Ohio Supreme Court is misplaced. All but one of the Grounds for Relief (Eleventh) for which John Fautenberry is requesting a certificate of appealability were initially raised in the post-conviction or App.R. 26(B) proceeding and therefore those issues were not before the Ohio Supreme Court when it made those findings to which the Warden cites. Those grounds, were by their very nature, dependent upon evidence de hors the record. To the extent the Ohio Supreme Court findings are even relevant, "deference [to those findings] does not by definition preclude relief.". *Miller-El vs. Cockrell*, 537 U.S. at 340.

The Warden, after reviewing the applicable standard of review, argues that the Court should not grant a certificate because it "fully addressed these claims", "completely analyzed" the claims and "engaged in **de novo** review of the record". [Memorandum in Opposition, p. 6]. This is not the appropriate standard for deciding the Motion. As John Fautenberry demonstrated in this case specific arguments contained in his Motion, and the Warden has not contested, the issues for which he has requested a certification, are debatable among reasonable jurisdiction.

WHEREFORE, John Fautenberry respectfully requests this Court to grant a certificate of appealability on the grounds for relief identified in his Motion.

Respectfully submitted,

_____
Dennis L. Sipe, #0006199
BUELL & SIPE CO., L.P.A.
322 Third Street
Marietta, OH 45750
(740) 373-3219 (Phone)
(740) 373-2892 (Fax)

W. Joseph Edwards
495 South High Street
Suite 100
Columbus, OH 43215
(614) 224-8166 (Phone)

Counsel for Petitioner,
 John Fautenberry

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing *John Fautenberry's Reply In Support Of His Motion for a Certificate of Appealability* was filed electronically on this 11th day of July, 2005. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

 

_____
Dennis L. Sipe
Counsel for Petitioner,
 John Fautenberry