# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHN FAUTENBERRY,

    Petitioner,

    v.                                    Case No. 1:00-cv-332
                                           JUDGE JAMES L. GRAHAM
BETTY MITCHELL, Warden,         Magistrate Judge Terence P. Kemp

    Respondent.

## ORDER

Final judgment dismissing Petitioner's death penalty habeas corpus action was entered on April 11, 2005. (Doc. # 104.) The United States Court of Appeals for the Sixth Circuit affirmed this Court's decision on January 25, 2008, (Doc. # 113), and on October 14, 2008, the United States Supreme Court denied the petition for *certiorari* (Doc. # 117). Petitioner is scheduled to be executed on July 14, 2009. This matter is before the Court upon Petitioner's motion for a stay of execution. (Doc. # 137.) Because there does not appear to be a legal basis for this Court to stay the execution, Petitioner's motion must be DENIED.

On June 1, 2009, this Court granted Petitioner's request to file *ex parte* and under seal a motion for funds to employ an expert. (Doc. # 123.) Petitioner filed that motion on June 2, 2009. (Doc. # 126.) On June 4, 2009, this Court issued an order confirming appointed counsel's continued representation of Petitioner. (Doc. # 128.) On June 17, 2009, Petitioner submitted *ex parte* and under seal a proposed clemency budget. (Doc. # 129.) On June 23, 2009, this Court issued *ex parte* and under seal an order denying Petitioner's motion for funds. (Doc. # 130.) Subsequently, on June 25, 2009, this Court issued *ex parte* and under seal an order approving Petitioner's proposed clemency budget as modified by the Court. (Doc. # 131.)

Petitioner appealed to the Sixth Circuit this Court's decision denying his motion for funds and filed a notice of appeal on July 1, 2009. (Doc. # 133.) Petitioner maintains that he requires funds for an updated neuropsychological evaluation for purposes of seeking state

clemency. Although Petitioner's clemency hearing has already been conducted, he still intends to file an application for clemency directly to the Governor. To that end, Petitioner additionally sought a stay of execution from the Sixth Circuit, but acknowledged his understanding that Sixth Circuit rules require him to first ask this Court for a stay of execution.

Petitioner filed the instant motion for a stay of execution on July 9, 2009. (Doc. # 137.) Petitioner argues that he requires a stay so that he can pursue his appeal to the Sixth Circuit, and to the United States Supreme Court if necessary, en route to his ultimate goal of seeking clemency from the Governor of the State of Ohio.

This Court is of the view that there is no basis for it to stay Petitioner's execution scheduled for Tuesday, July 14, 2009. Initially, the Court notes that one day after Petitioner filed the instant motion for a stay of execution, the Sixth Circuit issued a decision affirming this Court's order denying Petitioner's 18 U.S.C. § 3599(f) request for expert funding and denying Petitioner's motion for a stay of execution. *Fautenberry v. Mitchell*, No. 09-3819 (6th Cir. July 10, 2009). In denying Petitioner's motion for a stay of execution, the Sixth Circuit observed that Petitioner had not "cited any legal authority upon which we could base a stay of the State's right to execute its judgment." *Id*. at p.7. The Sixth Circuit explained that although some federal intervention may be permissible to correct a clear violation of due process in state clemency proceedings, the Sixth Circuit was presented with no such situation in Petitioner's case. This Court is bound by the Sixth Circuit's determination and agrees that Petitioner's effort to pursue clemency directly from the Governor does not remotely rise to the level of a due process violation that would justify intervention by the federal courts.

The Sixth Circuit recently denied a stay of execution under similar circumstances. In *Bey v. Bagley*, No. 08-4569, 301 Fed. Appx. 442, 2008 WL 4911115 (6th Cir. Nov. 17, 2008), Petitioner Gregory Bey had appealed the district court's order denying his motion for a stay of execution. Procedurally, Bey was in the position of securing counsel not only to pursue state clemency but also to investigate whether there were grounds to pursue successive habeas relief.

2

The district court concluded that it lacked jurisdiction to grant a stay under those circumstances. The Sixth Circuit agreed, holding that even assuming it accepted Bey's premise that he was entitled to federally appointed counsel to pursue state clemency and possibly successive habeas relief, the Sixth Circuit nonetheless "ha[d] no colorable grounds upon which to stay the State's order." *Id*. at 445. The Sixth Circuit also remarked that, to the extent that Bey intended to continue his pursuit of state clemency, Bey's counsel "may certainly ask the Governor to stay this execution in order to permit the supplementation of the application for clemency." *Id*. at 446. The Sixth Circuit concluded that, "[b]ecause Bey has no right to stay the proceedings or even a legal basis upon which we could stay the proceedings as a matter of discretion, the motion to stay is DENIED." *Id*.

Because the Sixth Circuit has affirmed this Court's order denying Petitioner's request for funds and denied his motion for a stay of execution, and based on the *Bey* decision set forth above, this Court finds that there is no basis for it to grant Petitioner's motion for a stay of execution. For the foregoing reasons, Petitioner's motion for a stay of execution (Doc. # 137) is **DENIED**.

**IT IS SO ORDERED.**

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

**DATE**: July 10, 2009